Citation Nr: 1313633 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 09-49 444 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUES

1. Entitlement to an initial rating higher than 50 percent for posttraumatic stress disorder. 

2. Entitlement to an effective date prior to July 31, 2008, for the grant of service connection for posttraumatic stress disorder. 

3. Entitlement to a total disability rating for compensation based on individual unemployability due to service-connected disability. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from August 1967 to May 1971. This matter is before the Board of Veterans' Appeals (Board) on appeal of a January 2009 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts, which granted service connection for posttraumatic stress disorder and assigned a 50 percent rating, effective July 2008. The Veteran appealed the rating assignment and the effective date of the award. 

In March 2013, the Veteran appeared at the RO and testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the claims file. 

The issues of an initial higher rating for posttraumatic stress disorder and a total disability rating for individual unemployability are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center in Washington, DC.


FINDING OF FACT

In March 2013, prior to the promulgation of a decision in the appeal, the Board received written notification from the Veteran at the time of a hearing that he intended to withdraw his appeal seeking an effective date prior to July 31, 2008 for the grant of service connection for posttraumatic stress disorder; there is no question of fact or law remaining before the Board in these matters. 


CONCLUSION OF LAW

Regarding the claim of an effective date prior to July 31, 2008 for the grant of service connection for posttraumatic stress disorder, the criteria for withdrawal of an appeal by the Veteran have been met; the Board has no further jurisdiction in this matter. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2002); 38 C.F.R. §§ 20.202, 20.204 (2012). 


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has jurisdiction where there is a question of law or fact on appeal to the Secretary. 38 U.S.C.A. § 7104; 38 C.F.R. § 20.101. Pursuant to 38 U.S.C.A. § 7105(d)(5), the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. A substantive appeal may be withdrawn in writing at any time before the Board promulgates a decision. 38 C.F.R. §§ 20.202, 20.204(b). Except for appeals withdrawn on the record at a hearing, appeal withdrawals must be in writing. 38 C.F.R. § 20.204(b). Withdrawal may be made by the Veteran or by his authorized representative. 38 U.S.C.A. § 7105(b)(2); 38 C.F.R. § 20.204(a). 

In a written statement received at the time of the March 2013 hearing, the Veteran indicated that it was his intent to withdraw his appeal seeking an effective date prior to July 31, 2008 for the grant of service connection for posttraumatic stress disorder. Hence, there is no allegation of error or fact or law for appellate consideration on this claim. Accordingly, the Board does not have jurisdiction to consider an appeal in the matter, and the appeal as to the claim must be dismissed. 


ORDER

The appeal seeking an effective date prior to July 31, 2008 for the grant of service connection for posttraumatic stress disorder is dismissed. 


REMAND

Regarding the claim for an initial rating higher than 50 percent, the Veteran testified in March 2013 that he believed his posttraumatic stress disorder symptoms have worsened since his last VA examination in December 2008, and he went on to describe some of his symptoms (sleep difficulty, anger issues, symptoms interfering with full time employment, no friends except his wife, self-isolation). His representative urged that the Veteran be given another medical examination to assess the current severity of his disability. The Board agrees that a new VA examination is required to determine the current severity of the Veteran's posttraumatic stress disorder. 38 C.F.R. § 3.159(c)(4)(i); see Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2008). 

Regarding the claim for a total disability rating for compensation based on individual unemployability, the Veteran testified in March 2013 that although he was employed, he only worked 30 hours a week and was unable to work full time due to symptoms of his posttraumatic stress disorder. Other records in the file such as a December 2008 VA examination report and a June 2010 Vet Center treatment summary indicate that the Veteran worked as a tradesman, that his employment functioning was "greatly diminished" by his posttraumatic stress disorder symptoms, and that he changed or lost a job every one to two years due to his inability to work with others and manage anger issues. 

A total disability rating for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

The RO has not specifically considered a claim for a total disability rating for compensation. The Board is remanding this claim rather than referring it back to the RO for its development for the reason that the Board finds that it has jurisdiction of that issue. The request for a total disability rating for compensation based on individual unemployability is not deemed a separate claim for benefits, as it involves the Veteran's application to obtain an appropriate rating for his posttraumatic stress disorder. See Rice v. Shinseki, 22 Vet. App. 447 (2009) (holding that a request for a total disability rating for compensation based on individual unemployability, either stated or implied by a fair reading of the claim or of the evidence of record, is not a separate claim for benefits, but part of the claim for increase). 

Accordingly, the case is REMANDED for the following action:

1. Ensure VCAA compliance with the duty to notify and the duty to assist on the claim for a total disability rating for compensation based on individual unemployability. 

2. Schedule the Veteran for a VA psychiatric examination to determine the current severity of his service-connected posttraumatic stress disorder. The claims file must be made available to and reviewed by the examiner. 

The examiner should provide accurate and fully descriptive assessments of all psychiatric symptoms, and should comment upon the frequency or severity of the Veteran's posttraumatic stress disorder symptoms. The examiner should also enter a complete multiaxial evaluation, and assign a Global Assessment of Functioning (GAF) score, together with an explanation of what the score represents in terms of the Veteran's psychological, social, and occupational functioning. 

The examiner should also provide an opinion, with complete rationale, as to whether the Veteran's posttraumatic stress disorder precludes "substantially gainful" employment. In so doing, the examiner should (a) comment generally on the functional and industrial impairment caused by the posttraumatic stress disorder, and (b) indicate whether, without consideration of the Veteran's age and any nonservice-connected disabilities, the posttraumatic stress disorder (together with service-connected tinnitus, rated 10 percent disabling, and bilateral hearing loss, rated noncompensable) results in his unemployability. The examiner should consider statements pertinent to the Veteran's employability status, to include those given by the VA examiner in December 2008 (employment functioning was "greatly diminished" by his posttraumatic stress disorder symptoms ), those made in June 2010 by a counselor at the Vet Center (he changed or lost a job every one to two years due to his inability to work with others and manage anger issues), and the Veteran's own testimony regarding his inability to maintain full time employment due to posttraumatic stress disorder symptoms. 

The examiner is advised that "substantially gainful" employment means work that is more than marginal and permits an individual to earn a "living wage" consistent with his education and occupational experience. 

3. After the development has been completed, adjudicate the claims for an initial rating higher than 50 percent for posttraumatic stress disorder and for a total disability rating for compensation based on individual unemployability. If the benefit sought is denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



______________________________________________
ROBERT E. SULLIVAN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs